United States Court of Appeals,

Fifth Circuit.

No. 91-2538.

Jo Ann McCANN and Blanche Christine Hickman, Plaintiffs,

Blanche Christine Hickman, (Linard Vergil Hickman, as Independent Executor of the estate of appellee, Blanche Christine Hickman, for Substitution in Place and Stead of Appellee Blanche Christine Hickman, deceased), Plaintiff-Appellee, Cross-Appellant,

Jo Ann McCann, Plaintiff-Appellant, Cross-Appellee,

v.

TEXAS CITY REFINING, INC., et al., Defendants-Appellees,

Hill Petroleum, Inc., Defendant-Appellant, Cross-Appellee,

Agway, Inc., et al., Defendants-Appellees, Cross-Appellants.

March 1, 1993.

Appeals from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, and JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

In the summer of 1989, Blanche Hickman and Jo Ann McCann lost their jobs. Hickman and McCann had been working at a refinery owned by Texas City Refining, Inc. (TCR).[1] When that refinery was sold to Hill Petroleum, Inc. (Hill), Hickman and McCann were not offered jobs by the new owners. Subsequently Hickman and McCann sued Hill, TCR, and TCR's parent corporations (collectively Agway) for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. At trial, the jury found that Hill was guilty of willful age discrimination against Hickman; however, the jury found that McCann had not been a victim of age discrimination.

Hill now appeals the judgment entered by the district court pursuant to the jury's finding of willful discrimination against Hickman. Hickman cross-appeals the district court's denial of prejudgment interest on the award of backpay. McCann cross-appeals the district court's dismissal

---

[1]Texas City Refining, Inc. (TCR) is a subsidiary of Agway Petroleum Corporation, Agway, Inc., and Southern States Cooperative.

of TCR and Agway pursuant to a Rule 12(b)(6) motion. As for Hill's appeal, this Court remands the case for a new trial limited to the issue of whether Hill's discrimination against Hickman was willful. As to the issues raised by Hickman and McCann, we hold that the district court did not err either in denying Hickman prejudgment interest on the award of backpay or in holding that McCann's complaint failed to state a cause of action against TCR and Agway.

## I. FACTS AND PROCEDURAL HISTORY

On June 30, 1988, Hill Petroleum purchased and took over the refining facility owned by TCR in Texas City, Texas. Hill restructured the work force and hired back approximately 300 of the 450 employees of TCR. All positions filled by Hill were staffed with former TCR employees. As a part of this restructuring, Hickman was laid off and her position as shift clerk was filled by younger employees, and McCann's position as a confidential secretary and personnel administrator was eliminated. Both Hickman and McCann had been long-time employees of TCR and were within the protected class of the ADEA.[2]

Both Hickman and McCann filed suit against Hill, TCR, and Agway, alleging that the defendants had violated the ADEA and had conspired to deprive the plaintiffs of their civil rights in violation of 42 U.S.C. § 1985(3). The plaintiffs later dismissed their § 1985 action. After concluding that the remaining ADEA claims failed to state a cause of action against TCR and Agway, the district court dismissed those defendants. The plaintiffs later filed several motions to amend their complaint to add a pendant state-law claim of "tortious interference with employment contract" against TCR and Agway. The district court, however, denied the motions to amend, concluding that the amended complaints were subject to dismissal in the same manner as the original complaint.

Eventually the case went to trial against Hill alone. After the completion of the plaintiffs' case, Hill moved for a directed verdict[3] on the grounds that the plaintiffs had not shown intentional

---

[2]The provisions of the ADEA protect individuals who are at least 40 years of age. 29 U.S.C. § 631(a). At the time Hill purchased the refinery, Hickman was 64 and McCann was 53.

[3]Effective December 1, 1991, Rule 50 of the Federal Rules of Civil Procedure was amended. Under the new Rule 50 the familiar "motion for directed verdict" and "motion for JNOV" are now called "motions for judgment as a matter of law." The trial in this case took place before the effective date of that amendment.

discrimination by Hill.[4]  However, contrary to the assertions in the defendant's briefs before this Court, the Record shows that Hill did *not* specifically move for a directed verdict on the issue of willfulness.  Also, the record shows that Hill failed to renew its motion for a directed verdict at the

---

[4]The actual objection made by Hill was as follows:

> Mr. Smith [Counsel for Hill]:  We have a motion for Judgment at the close of the plaintiffs' case.  Based on the case of [*Thornbrough v. Columbus & G.R.R.,* 760 F.2d 633 (5th Cir.1985) ] and [*Williams v. General Motors Corp.,* 656 F.2d 120 (5th Cir. Unit B Sept. 1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982) ], both Fifth Circuit cases, your Honor, each of these cases require, in addition to the standard Title Seven and AD[E]A test, that the plaintiffs in this case produce evidence, circumstantial or direct, in which the fact finder might conclude their employer intended to discriminate on the basis of age.

> ....

> Mrs. Hickman said that she thought that they [Hill] had told her that she couldn't work there anymore.  Now, Mr. Snodgrass testified as a part of the plaintiffs' case, without being qualified as an adverse witness—the plaintiff has adopted his testimony—that he believed that she did not want a job.  He testified that she was a good person.  There has been no proof offered that is pretext.  It is not a pretext.  It was offered as a part of the plaintiffs' case.

> Your Honor, we would submit that neither of the plaintiffs have met the test required under the Williams test to proceed to a jury with this case.  And we are entitled to a judgment.

> The cases cited by Hill, *Thornbrough* and *Williams,* deal with the elements of an ADEA plaintiff's *prima facie* case in the context of a general reduction in an employer's workforce.  In the ordinary ADEA case, one of the required elements of a plaintiff's *prima facie* case is that the plaintiff was replaced by a younger employee.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973);  *Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir.1977).  This type of showing is impossible in a typical workforce reduction case since the plaintiff's position has been eliminated.  *Thornbrough,* 760 F.2d at 642.  This Circuit has therefore established a different standard for workforce reduction cases.  Under this standard, a plaintiff must (1) satisfy the standing requirements of the statute, (2) show that he was qualified to assume another position, and (3) produce evidence from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.  *Uffelman v. Lone Star Steel Co.,* 863 F.2d 404, 407 (5th Cir.), *cert. denied,* 490 U.S. 1098, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989).

> Obviously Hill's motion was not a model of clarity.  Still, we think the motion adequately informed the plaintiffs and the district court that Hill was challenging the sufficiency of the plaintiffs' *prima facie* case, especially given this Court's lenient approach to the specific grounds requirement for motions for directed verdict and JNOV.  *See DBI Servs., Inc. v. Amerada Hess Corp.,* 907 F.2d 506, 598 n. 1 (5th Cir.1990) ("While the motion for judgment n.o.v. may have been more specific, it certainly created no surprise.").  However, as discussed below, this motion cannot possibly be read as an objection to the sufficiency of the plaintiffs' evidence of willfulness.

close of all of the evidence.

The jury subsequently returned a verdict in favor of Hickman, finding that Hill failed to hire Hickman because of her age. But the jury failed to find a violation with regard to Hill's non-retention of McCann. The jury found that Hickman suffered damages of $63,000 in lost backpay. In addition, the jury determined that Hill's conduct with regard to Hickman constituted a willful violation of the act. The ADEA provides for an award of liquidated damages in the case of willful discrimination. 29 U.S.C. § 626(b). Therefore, based upon the jury's finding, the district court imposed a statutory penalty of liquidated damages in the amount of $63,000.[5] In its final order, the district court denied Hickman prejudgment interest on the damage award.

## II. DISCUSSION

### A. Hill Petroleum's Appeal

Hill purports to raise two different issues before this Court. First, Hill argues that the evidence was insufficient to support the jury finding of willful discrimination, and second, Hill argues that the district court erroneously denied Hill's motions for directed verdict and for judgment notwithstanding the verdict on the issue of willfulness. In reality, these two arguments present only one issue. Reviewing a denial of a motion for directed verdict made at the end of trial and reviewing the sufficiency of the evidence are one and the same thing. *Dickinson v. Auto Center Mfg. Co.,* 733 F.2d 1092, 1102 (5th Cir.1983); *Murphy v. Georgia-Pacific Corp.,* 628 F.2d 862, 868 n. 13 (5th Cir.1980). Under either of Hill's arguments, the only question before this Court is whether there is "a lack of substantial evidence to support a jury verdict." *Dickinson,* 733 F.2d at 1102.

What Hill has neglected to mention, either in briefs or at oral argument, is that a motion for a directed verdict on the issue of willfulness was *not* made at the conclusion of all the evidence in this trial. At the close of the plaintiffs' case, Hill did move for judgment on the ground that the plaintiffs had not shown that Hill intended to violate the ADEA. *See supra* note 4. That motion, however, was not renewed at the conclusion of all evidence. Hill's failure to renew its motion for directed

---

[5]Under 29 U.S.C. § 216(b), liquidated damages are awarded in an amount equal to the total unpaid wages.

verdict has two severe consequences. First, the earlier motion for directed verdict cannot be the basis for a challenge before this Court to the sufficiency of the plaintiffs' evidence. It is well-established law that the sufficiency of the evidence is *not reviewable on appeal* unless a motion for directed verdict was made in the trial court at the conclusion of all the evidence. *Hall v. Crown Zellerbach Corp.,* 715 F.2d 983, 986 (5th Cir.1983); CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 593 (1971). By introducing its own evidence and failing to renew the motion for directed verdict after all the evidence was in, Hill waived any objection to the sufficiency of the plaintiffs' *prima facie* case. *McCabe & Steen Constr. Co. v. Wilson,* 209 U.S. 275, 276, 28 S.Ct. 558, 559, 52 L.Ed. 788 (1908); *Hernandez v. Employers Mut. Liab. Ins. Co.,* 346 F.2d 154, 155 (5th Cir.1965); 5A JEREMY C. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 50.05[1] (2d ed. 1992).

Second, Hill's earlier motion cannot serve as a predicate for a motion for judgment notwithstanding the verdict. Whatever the merits of Hill's substantive argument, it is well established that a party waives the right to challenge the sufficiency of the evidence with a JNOV unless a motion for directed verdict is made or renewed at the close of all evidence. FED.R.CIV.P. 50(b); *Scheib v. Williams-McWilliams Co.,* 628 F.2d 509, 512 (5th Cir.1980). The district court should not have even considered Hill's motion for JNOV. *Scheib,* 628 F.2d at 511 n. 1.

In the past, this Court has been willing to excuse certain "de minimis" departures from technical compliance with Rule 50(b). *See, e.g., Davis v. First Nat'l Bank,* 976 F.2d 944, 948-49 (5th Cir.1992); *Merwine v. Board of Trustees,* 754 F.2d 631, 634-35 (5th Cir.), *cert. denied,* 474 U.S. 823, 106 S.Ct. 76, 88 L.Ed.2d 62 (1985); *Bohrer v. Hanes Corp.,* 715 F.2d 213, 216-17 (5th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984). This Court has repeatedly emphasized that the application of Rule 50(b) " "should be examined in the light of the accomplishment of [its] particular purpose[s] as well as in the general context of securing a fair trial for all concerned in the quest for truth.' " *Merwine,* 754 F.2d at 634 (quoting *Bohrer,* 715 F.2d at 217) (alterations in original). In each case where we have excused noncompliance with Rule 50(b), this Court has concluded that the *purposes* of the rule had been satisfied. In each case, the trial court

had reserved a ruling on an earlier motion for directed verdict (made at the close of the plaintiff's evidence); the defendant called no more than two witnesses before closing; only a few minutes elapsed between the motion for directed verdict and the conclusion of all the evidence; and the plaintiff introduced no rebuttal evidence. *Davis,* 976 F.2d at 948-49; *Merwin,* 754 F.2d at 634-35; *Bohrer,* 715 F.2d at 217.

In the instant case, however, the situation was very different. The district court did not reserve a ruling on Hill's motion for directed verdict; instead the court flatly denied the motion. Also, Hill introduced numerous witnesses after the close of the plaintiff's case. In fact, Hill's evidence took up over a full day—nearly one-third of the three and a half day trial. Neither the district court nor the plaintiffs could have been aware that Hill continued to challenge the sufficiency of the plaintiffs' *prima facie* case. Here we are not faced with a "de minimis" departure but rather a complete failure to follow the requirements of Rule 50(b). While it is true that this Circuit approaches such questions of technical compliance with a "liberal spirit," *see Davis,* 976 F.2d at 948, we are not willing to rewrite the Federal Rules of Civil Procedure.

Nevertheless, even if this Court were willing to take such a drastic step and overlook Hill's failure to renew its motion for directed verdict, it still would not change our holding in this case. The ADEA establishes a two-tiered system of damages. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 128, 105 S.Ct. 613, 625, 83 L.Ed.2d 523 (1985); *see* John E. Charland, *Willfulness, Good Faith, and the Quagmire of Liquidated Damages Under the Age Discrimination in Employment Act,* 13 J.Corp.L. 573 (1988). A showing of an ADEA violation entitles the plaintiff to recover compensatory damages. 29 U.S.C. § 626(b). Once basic liability under the ADEA has been established, a finding that the violation was willful entitles the plaintiff to an award of liquidated damages. *Id.*

In the instant case, at the close of the plaintiffs' evidence Hill moved for judgment on the grounds that the plaintiffs had presented insufficient evidence to show intentional discrimination by Hill. In other words, Hill argued that the plaintiffs had not proven a violation of the ADEA as required under the first tier of the ADEA's liability scheme. *See supra* note 4. Hill now attempts to

challenge the sufficiency of the plaintiffs' evidence of a willful violation of the ADEA, the *second* tier of the statutory liability scheme. Rule 50(a) requires a motion for a directed verdict to state the *specific grounds*[6] for granting the motion. *See Woods v. Sammisa Co.,* 873 F.2d 842, 853 (5th Cir.1989). A party may not base a motion for JNOV on a ground that was not included in a prior motion for a directed verdict. 5A MOORE'S FEDERAL PRACTICE, *supra,* ¶ 50.08. Yet at no point did Hill specifically object to the sufficiency of the plaintiffs' evidence on the issue of willfulness. The question of liability under the ADEA is completely separate from the question of willfulness. To establish liability under the ADEA, a plaintiff must show only that he is within the protected class of the ADEA and the defendant discharged, refused to hire, or otherwise discriminated against the plaintiff with respect to compensation, terms, conditions, or privileges of employment, because of the plaintiff's age. 29 U.S.C. § 623(a)(1). In contrast, a showing of willfulness requires proof that the defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Ramirez v. Allright Parking El Paso, Inc.,* 970 F.2d 1372, 1378 (5th Cir.1992) (quoting *Burns v. Texas City Ref., Inc.,* 890 F.2d 747, 751 (5th Cir.1989)). "It would be a constitutionally impermissible re-examination of the jury's verdict for the district court [or this Court] to enter judgment n.o.v. on a ground not raised in the motion for directed verdict." *Sulmeyer v. Coca Cola Co.,* 515 F.2d 835, 846 n. 17 (5th Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976). Because proof of liability under the ADEA requires completely different evidence than proof of willfulness, Hill's motion for judgment was simply not specific enough to allow Hill to challenge the sufficiency of the plaintiffs' proof of willfulness on appeal.

Since Hill did not actually move for a directed verdict on the issue of willfulness at the close of all the evidence—and consequently was not entitled to move for a JNOV on the issue—Hill's objection to the sufficiency of the plaintiffs' evidence on willfulness is being raised for the first time on appeal. It is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error. *Shipman v. Central Gulf Lines, Inc.,* 709 F.2d 383, 388 (5th

---

[6]Rule 50(a)'s "specific grounds" requirement serves both to make the trial court aware of the movant's position and to give the opposing party an opportunity to mend its case. *Hall,* 715 F.2d at 986.

Cir.1983). In other words, this Court will reverse o nly if the judgment complained of results in a "manifest miscarriage of justice." *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 297 (5th Cir.1978). Thus, the question before this Court is not whether there was substantial evidence to support the jury verdict, but whether there was *any* evidence to support the jury verdict. *Id.* Even if no evidence supports the verdict, this Court lacks the power to enter judgment for the appellant. Instead, appellate relief is limited to ordering a new trial. *Hinojosa v. City of Terrell,* 834 F.2d 1223, 1228 (5th Cir.1988), *cert. denied,* 493 U.S. 822, 110 S.Ct. 80, 107 L.Ed.2d 46 (1989); *Gorsalitz v. Olin Mathieson Chem. Corp.,* 429 F.2d 1033, 1038 (5th Cir.1970), *cert. denied,* 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972); *see* 5A MOORE'S FEDERAL PRACTICE, *supra,* ¶ 50.05[1].

In order to establish willfulness, Hickman had the burden of proving that Hill "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Ramirez,* 970 F.2d at 1378. Our review of the record fails to reveal any evidence that could satisfy Hickman's burden on this issue. Although the plain error exception is only applied in the exceptional case, we must conclude that this is such a case. But because Hill's relief is sorely limited by its failure to move for a directed verdict on this issue, we cannot render judgment for Hill. Instead, we remand this case for a new trial limited to the issue of whether Hill's ADEA violation was willful.

*B. Hickman's Cross-Appeal*

Hickman argues that the district court erred in denying prejudgment interest on the award of backpay. This issue—whether prejudgment interest is proper when a court awards liquidated damages to a plaintiff in an ADEA suit—is one this Court intended to settle in *Burns v. Texas City Refining, Inc.,* 890 F.2d 747 (5th Cir.1989). Upon reexamining the *Burns* opinion, however, we are constrained to admit that our earlier decision may have been less than precise. What the Court intended to say in *Burns,* and what we reemphasize today, is that this Circuit follows the Seventh Circuit's approach to prejudgment interest in ADEA cases. *See Coston v. Plitt Theatres, Inc.,* 831 F.2d 1321, 1336 (7th Cir.1987), *vacated on other grounds,* 486 U.S. 1020, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988). In an ADEA case where liquidated damages are awarded, a court may not award prejudgment interest on either the backpay or the liquidated damage award. Any language in

*Burns* that suggests otherwise is disapproved. In the instant case, because liquidated damages were awarded, the district court did not err in refusing to award Hickman prejudgment interest.

*C. McCann's Cross-Appeal*

McCann appeals the district court's dismissal of TCR and Agway pursuant to a Rule 12(b)(6) motion. A district court's ruling on a 12(b)(6) motion is subject to *de novo* review. *Barrientos v. Reliance Standard Life Ins. Co.,* 911 F.2d 1115, 1116 (5th Cir.1990), *cert. denied,* --- U.S. ----, 111 S.Ct. 795, 112 L.Ed.2d 857 (1991). This Court will affirm an order granting a 12(b)(6) motion to dismiss "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.*

McCann's original complaint asserted two causes of action against TCR and Agway: first, that the defendant s violated the terms of the ADEA; and second, that the defendants violated 42 U.S.C. § 1985(3) by conspiring to discriminate against McCann because of her age. McCann voluntarily dismissed the § 1985 conspiracy claim, leaving only the ADEA cause of action. The ADEA makes it unlawful for any employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). McCann's complaint fails to allege any actions by TCR or Agway that would violate the ADEA. TCR was the former employer of McCann. However, it cannot be said that TCR discharged McCann because of her age; TCR sold the refinery and discharged *everyone.* In reality, the sole act of discrimination asserted by McCann's complaint was Hill's refusal to hire her.[7] Although it is true that courts will bend over backwards to avoid granting a 12(b)(6) motion to dismiss, here McCann simply did not allege any facts that could possibly support her ADEA claim against TCR and Agway.

Even if her original complaint was subject to dismissal, McCann argues that her amended complaint successfully stated a state-law cause of action against these defendants. In this amended

---

[7]Both in the complaint and in briefs filed before this Court, McCann also argues that TCR and Agway "conspired" with Hill to deny her employment based upon her age. Whatever the other deficiencies of this claim, the simple fact is that the ADEA itself contains no provision prohibiting conspiracies of this sort.

complaint, McCann alleged that TCR and Agway "tortiously interfered" with McCann's employment contract. There is some disagreement among the parties as to whether the district court actually considered this amended complaint. This disagreement is irrelevant, however, because the amended complaint also fails to state a cause of action against TCR and Agway.

Texas law does recognize a cause of action for tortious interference with an employment contract. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 689 (Tex.1989). The first element of such a claim, however, is the existence of an employment contract. *Champion v. Wright,* 740 S.W.2d 848, 853 (Tex.Ct.App.1987). McCann's proposed amended complaint does not allege that McCann was ever hired by Hill. It should be obvious to all that TCR and Agway could not possibly have interfered with an employment contract that never existed. Therefore, since McCann's proposed amended complaint also failed to state a claim against TCR or Agway, it was not error for the district court to refuse to allow McCann to amend her complaint.

### III. CONCLUSION

For the reasons stated, we remand this case for a new trial limited to the question of whether Hill's discrimination against Hickman was willful. Additionally, we hold that the district court did not err in denying Hickman prejudgment interest on the award of backpay or in holding that McCann's complaint failed to state a cause of action against TCR and Agway. Accordingly, those portions of the district court's judgment are affirmed.