**Larry C. WHITE, Plaintiff,**

v.

**LINCOLN PLATING COMPANY, a Nebraska corporation, doing business as CAI Technologies; Bradley David, Marc Lebaron, and John Doe's One Through Five, individually, Defendant(s).**

Civil Action No. 95–WM–2936.

United States District Court,
D. Colorado.

Jan. 2, 1997.

Joffrey Johnson, Denver, CO, for Plaintiff.

Richard L. Thorgren, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER, District Judge.

This matter is before me on defendants' Motion for Summary Judgment to dismiss plaintiff's remaining claims, namely, that he was unlawfully terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and that the individual defendants engaged in a civil conspiracy to wrongfully discriminate against

plaintiff because of his age. The Motion is denied with respect to the ADEA claim, but granted as to the conspiracy claim.

## I.

### Jurisdiction.

As the plaintiff brings a claim under the ADEA, this Court has concurrent jurisdiction pursuant to 29 U.S.C. § 626(c).

## II.

### Statement of Issues.

Has plaintiff made a sufficient showing that age was "a determining factor" in his termination to withstand a motion for summary judgment?

Has plaintiff made a sufficient showing of civil conspiracy between employees of the same corporation in order to withstand a motion for summary judgment?

## III.

### Standard of Review.

Summary Judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of any issue of material fact. If that burden is met, the opponent has a burden of presenting specific facts which show that there is a genuine, material issue for trial. In doing so, the opponent "may not rest upon the mere allegations or denials of the adverse party's pleading...." Fed. R.Civ.P. 56(e). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Martin v. Nannie & the Newborns, Inc.,* 3 F.3d 1410 (10th Cir.1993). Ultimately, summary judgment is improper if, viewing the facts before the court in a light most favorable to the non-moving party and drawing all reasonable inferences in favor of that party, a reasonable jury could find in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## IV.

### Background.

In December of 1992, defendant Lincoln Plating Company ("Lincoln") purchased assets of its competitor, E/M Corp. ("E/M"), including customer lists, correspondence files and work in progress. Lincoln hired plaintiff, then 58 years old, as sales and marketing manager for the facility. He had been employed by E/M as its branch manager, dividing his time between sales/marketing and operational responsibilities of E/M's facility. A written Employment Agreement, dated December 10, 1992 but signed February 1, 1993, provided that plaintiff's employment would "continue until terminated by either party on 14 days written notice for any reason." That Agreement also referred to a Sales Commission Structure Agreement which contemplated additional payments or commissions to the plaintiff in the event certain sales levels were achieved. One of the motivations for hiring plaintiff was to provide a smooth transition of E/M's customers to Lincoln's plant. The parties agree that plaintiff assisted in that process which was completed in the first few months of his employment.

From the beginning of his employment, plaintiff was in regular, often daily, contact with his supervisor, Brad David, Lincoln's vice president, regarding the status of existing and prospective customers. In weekly staff meetings, there were regular discussions about the need for increasing sales to meet sales goals that had been established before plaintiff's employment and, perforce, without his involvement. There was never a formal review of plaintiff's job performance and dispute exists whether there were any specific discussions of his job performance prior to December, 1993. Plaintiff claims that he did not know his job was at risk until he received a December 14, 1993 e-mail from Mr. David advising that he could not "afford" plaintiff unless significant improvement in sales was made.

Ultimately, plaintiff was terminated on January 26, 1994, allegedly for poor performance. Particular reasons given by Lincoln for plaintiff's termination were significant shortfalls in sales goals for the fiscal year

1993 (October–December, 1993) and the first quarter of fiscal year 1994, alleged complaints about plaintiff's inability to effectively communicate and his failure to provide necessary information to production staff. Upon termination, plaintiff was fully paid in accordance with the Employment Agreement, including salary benefits for the three-month non-compete provision.

Immediately prior to plaintiff's termination, Lincoln transferred a long-time employee, Troy Taylor,[1] from customer service to sales manager and plaintiff's responsibilities were assumed by him and Mr. David. Mr. Taylor was then 41 or 42 as compared to plaintiff's age of 59 or 60, his salary was less than plaintiff's, and no similar commission plan was proposed to him until approximately a year and a half later. Mr. Taylor was not required to meet any specific sales quotas and was unaware of any complaints from Lincoln's employees about plaintiff's allegedly poor communication skills.

## V.

### ADEA Claim.

To prevail on his ADEA claim, plaintiff must show that age was a determining factor in the termination decision which may be shown either directly or by the indirect method of proof developed in the Title VII cases pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995). Here the plaintiff relies on the indirect method and must establish a *prima facie* case by showing that he was (1) within the protected age group; (2) doing satisfactory work; (3) discharged; and (4) replaced by a younger person. *Id.* If plaintiff makes that showing, the burden shifts to the employer to show "legitimate non-discriminatory reason" for discharge. *Id.* If the defendant does so, then the plaintiff must offer evidence that defendant's reasons are pretextual or by producing direct evidence of age discrimination. *Id.* Ultimately, if plaintiff produces a both a *prima facie* case and evidence that the al-

leged non-discriminatory reasons are pretextual then the case should go to the jury. *Id.*

■ Defendants assert that plaintiff failed to make a *prima facie* showing that he performed satisfactory work or that he was replaced by a younger person. Defendants argue that the preexisting employees who assumed plaintiff's job responsibilities could not be "replacements" since neither was actually hired to replace plaintiff. Apparently, defendants' theory is that if there is a net reduction in the total number of employees then the proscribed replacement has not occurred. That argument is but a shell game. The job responsibilities preexisted the termination and were assumed by Messrs. Taylor and David in place of the terminated plaintiff. The evil of age discrimination is the taking of a position from a qualified, elder employee and giving it to a younger employee, often, as here, for lesser compensation, regardless of whether he or she is a new or existing employee. *See* 29 U.S.C. § 621; *Jones*, 54 F.3d at 630.

■ Turning to the issue of whether plaintiff satisfactorily performed his work, defendant Lincoln has made sufficient showing to overcome the presumption of discriminatory discharge with evidence of the failure of plaintiff to meet sales quotas, complaints by other staff and the warning of the necessity of improvement in order to preserve his job. However, when viewing the facts presented in the light most favorable to the plaintiff and drawing all reasonable inferences in his favor, I conclude that there is a genuine issue of whether Lincoln's proffered reasons are pretextual and a reasonable jury could find in favor of the plaintiff; hence, summary judgment is improper at this stage of the proceeding. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S.Ct. at 2512. Until the virtual eleventh hour, plaintiff assumed his performance was satisfactory, particularly in the absence of performance reviews. Sales quotas, set without plaintiff's input, may only have become job threatening in the last month of plaintiff's employment. His re-

---

1. Mr. Taylor had been a sales manager with defendant prior to the acquisition of the E/M assets, but was transferred to customer service in order to make room for plaintiff in December, 1992.

placement as sales manager was never required to meet the same or similar sales quotas. Arguably, sales to large customers obtained by plaintiff were lost due to inadequacies in defendant's production techniques. Neither the plaintiff nor Taylor was aware of the alleged complaints about plaintiff's performance made by fellow employees. Plaintiff also argues that once he completed the smooth transition of E/M customers, Lincoln sought to discard plaintiff with a pretextual reason for his discharge. Assuming there is competent evidence of such at trial, the matter should be decided by the jury, not the court.

## VI.

### Civil Conspiracy.

■ Seeking individual liability, plaintiff alleges Mr. David conspired with his superior, Mr. LeBaron, to wrongfully discriminate against plaintiff because of his age. The ADEA contains no provisions concerning conspiracies. *See McCann v. Texas City Refining, Inc.*, 984 F.2d 667 (5th Cir.1993). To establish a case of civil conspiracy in Colorado, plaintiff must show: (1) action of two or more persons; (2) common object to be accomplished; (3) meeting of the minds on the object or course of action; (4) one or more unlawful acts; and (5) damages as a proximate result thereof. *Pittman v. Larson Distributing Co.*, 724 P.2d 1379, 1389–90 (Colo.App.1986).

■ Defendants dispute that there was common action of any two people, asserting that the termination decision was made solely by Mr. David who merely advised Mr. LeBaron of the decision. The issue of whether Mr. David was acting alone or in concert with Mr. LeBaron is not critical, because a conspiracy cannot be shown where, as here, two employees of a corporation act "on behalf of the corporation and not as individuals for their individual advantage." *Id.* at 1390. Plaintiff sought to argue the exception, claiming David acted for his own "individual advantage" because he supposedly earned less than plaintiff, his subordinate. However, that argument fails with the undisputed proof that David's salary was raised above plain-

tiff's when plaintiff was hired. No other reason is given to except this case from the normal rule that corporate employees do not constitute the required "two or more persons" necessary for a conspiracy.

Accordingly, it is ordered as follows:

1. Defendants' Motion for Summary Judgment dismissing the plaintiff's first claim for relief for age discrimination is denied;

2. Defendants' Motion for Summary Judgment dismissing the second claim for relief for conspiracy is granted and that claim is dismissed with prejudice;

3. As a consequence, all claims against Bradley David, Marc LeBaron and the John Does are dismissed with prejudice;

4. Pursuant to the parties' stipulation at oral argument, the fourth claim for relief for breach of contract is dismissed with prejudice; and

5. Each party shall bear its own costs and attorney fees.