IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40845
_____

RAYMOND EARNEST CHRISTOPH,

Plaintiff-Appellant,

versus

JIMBO RAINS, Sheriff; CLAUDIE KENDRICK, Ex-Sheriff;
COMMISSIONERS COURT OF HOUSTON COUNTY, TEXAS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:94-CV-47)
_____

September 15, 1999

Before EMILIO M. GARZA, Circuit Judge, and FITZWATER, District Judge.[*]

PER CURIAM:[**]

A county prisoner who alleged that he had been assaulted by another inmate in an overcrowded cell block and subjected to other unconstitutional jail conditions brought this civil rights action alleging violations of the Eighth and Fourteenth Amendments and of state law. He appeals an adverse judgment following a trial,

---

[*]District Judge of the Northern District of Texas, sitting by designation. Judge Parker was originally a member of the panel but determined that he is recused. This appeal is being decided by a quorum. *See* 28 U.S.C. § 46(d).

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

contending the district court erred by denying his discovery motions (particularly a motion for disclosure) and motion for appointment of counsel, and that the jury verdict must be reversed because two witnesses gave perjured trial testimony. Although we do not find that the district court abused its discretion by refusing to appoint counsel or that plaintiff's claim of perjured witness testimony presents plain error, we hold that the district court abused its discretion and acted unreasonably by denying plaintiff's motion for disclosure. Because we conclude after studying the trial record that plaintiff likely incurred prejudice to a substantial right, we VACATE and REMAND.

I

Plaintiff-appellant Raymond Earnest Christoph ("Christoph"), who was detained in the Houston County, Texas jail while awaiting transfer to the Texas Department of Criminal Justice ("TDCJ"), brought this *pro se* civil rights action against defendants Houston County Sheriff Jimbo Raines ("Sheriff Raines"),[1] former Sheriff Claudie Kendrick ("Sheriff Kendrick"), and the Houston County Commissioners Court. Christoph complained of jail overcrowding, unsanitary conditions, denial of recreation and exercise, improper diet, placement of pretrial detainees with convicted felons, and

[1]Christoph originally sued Sheriff Raines under the surname "Rains," but corrected the spelling in his amended complaint. We will refer to Sheriff Raines by the proper spelling of his name.

The record reflects that the claims against Sheriff Raines were dismissed without objection because he was not the Sheriff at the relevant time. The district court did not charge the jury concerning Christoph's claims against Sheriff Raines and Christoph does not appeal the dismissal of these claims. We do not disturb this dismissal.

detention in a racially imbalanced cell.[2]  He alleged that jail overcrowding resulted in his being attacked on May 9, 1992 by another prisoner, resulting in 25 stitches to his face, injury to his neck, and mental, physical, and emotional pain.

Under the Civil Justice Expense and Delay Reduction Plan ("Plan") adopted by the Eastern District of Texas, the case was placed on Track 2 for case management purposes, meaning that the parties were obligated to make initial disclosures but were not permitted to conduct discovery.  The Plan requires that each party disclose to the opposing party "[a] copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are likely to bear significantly on any claim or defense[.]"  E. D. Tex. R. CV-26(b)(1)(B).[3]  Under the Plan, "bears significantly on" includes "information that is likely to have an influence on or affect the outcome of a claim or defense," E. D. Tex. R. CV-26(b)(3)(C), and "information that deserves to be considered in the preparation, evaluation or trial of a claim or defense," E. D. Tex. R. CV-26(b)(3)(D).

The magistrate judge conducted the initial *in forma pauperis* screening and recommended that the case be dismissed as frivolous.

---

[2]Christoph complained that he was the only Caucasian among 18 prisoners, the remainder of whom were African-American.  He asserted that he did not seek segregation of prisoners by race, but instead sought a more "balanced" assignment of persons of different races to the same cell block.

[3]The Eastern District of Texas has since integrated the initial disclosure provisions of the Plan into its Local Rules. For clarity we will cite the Plan provisions as they are now codified in the Local Rules.

He also denied Christoph's motion for appointment of counsel. The district judge concluded, however, that Christoph had stated a 42 U.S.C. § 1983 claim and granted him leave to proceed *in forma pauperis.* After defendants were served and answered, they made their initial disclosures to Christoph and on February 25, 1997 filed with the clerk of court the notice of disclosure required by the Plan.

While the case was pending before the magistrate judge, and later before the district judge, Christoph submitted several discovery motions. On March 13, 1997 he filed a motion for disclosure, in which he complained that trial was upcoming on June 23, 1997 but that defendants had not disclosed *inter alia* (1) Houston County jail records that would show how many persons were detained in cell block 2 on March 27, 1992 (the day he was arrested), May 9, 1992 (the day he was assaulted), and May 11, 1992 (the day he contends Sheriff Kendrick drastically reduced the population of the cell block following the assault);[4] and (2) the jail recreation logs or records for the period March through July 1992. The district court denied the motion by March 20, 1997 written order. It noted that the case had been assigned to Track 2, that Christoph was not entitled to conduct discovery, and that the parties must comply with the Plan's disclosure rules. Under the Plan, only notices of disclosure, not the disclosures themselves, are to be filed with the court. *See* E. D. Tex. R. CV-

---

[4]The motion for disclosure refers to May 12 rather than May 11, 1992, but Christoph refers in other pleadings and testimony to May 11 as the correct date.

26(e). The district court found that defendants had complied with the Plan's requirement that they give notice of disclosure. The court also held that Christoph was "not entitled to obtain any and all documents that he desires that do not bear significantly on a claim or defense."

On June 23, 1997, as scheduled, the parties tried the case to a jury. Roy H. House ("House"), the Jailer for Houston County in 1992, testified that the jail passed state inspection in 1991 and 1992. Christoph attempted to impeach House on cross-examination with Texas Commission on Jail Standards ("TCJS") inspection reports for 1989-1991 that Christoph maintained showed that the jail had not passed inspection. Christoph asserts that House committed perjury. Sheriff Raines testified that a county sheriff is not allowed by law to address prison overcrowding by releasing prisoners on his own authority. Christoph maintains that he has discovered new evidence that demonstrates that Sheriff Kendrick in fact released prisoners in 1992 without proper authorization.

The jury returned a verdict in favor of defendants and the district judgment entered a take nothing judgment dismissing the case. Christoph appeals.

II

We review for abuse of discretion the district court's order denying Christoph's motion for appointment of counsel. *See Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The magistrate judge explicitly noted the relevant factors and analyzed why counsel should not be appointed. We are satisfied from our review

- 5 -

of the record, including our assessment of the caliber of Christoph's appellate briefs, that this case does not present exceptional circumstances and that the magistrate judge did not abuse his discretion in denying Christoph's motion for appointed counsel.

Christoph contends the judgment must be reversed because House gave perjured testimony that the jail had passed state inspection. He raises this issue for the first time on appeal. "It is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error." *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir.1993) (per curiam). No plain error has been presented here. Christoph is asserting in this civil case a witness impeachment issue that was properly within the province of the jury as the judge of witness credibility.[5]

Sheriff Raines was asked, in the context of relieving jail overcrowding, whether a sheriff "was allowed by law just to start releasing people," and responded that he could not. Christoph maintains that he has discovered new evidence that demonstrates that Sheriff Kendrick released prisoners in 1992 without proper authorization. Because Christoph also raises this claim for the first time on appeal, we review for plain error. We find none, particularly since Sheriff Raines was asked what a sheriff could

_____

[5]We also note that the trial record is unclear on this point, because there is a suggestion in the testimony (and Christoph concedes to some extent in his reply brief) that TCJS granted the jail a variance before passing it, rather than that the jail failed inspection.

legally do, and Christoph proffers evidence that purports to show what Sheriff Kendrick was doing illegally.

                                   III

We review for abuse of discretion the district court's order denying Christoph's motion for disclosure. *See Atkinson v. Denton Publ'g Co.,* 84 F.3d 144, 148 (5th Cir. 1996) (holding in review of Eastern District of Texas Track 3 case that district court did not abuse its discretion by denying plaintiff's motion to expand number of allowed interrogatories). "Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

                                    A

Christoph sought disclosure of Houston County jail records that would have shown how many persons were detained in cell block 2 on March 27, 1992, May 9, 1992, and May 11, 1992. He requested these records to prove that the jail was overcrowded and that Sheriff Kendrick had attempted to cure or cover up the overcrowding by drastically reducing the population of the cell block following the assault. Christoph pursued disclosure of the jail recreation logs or records for the period March through July 1992 to establish that Houston County did not permit inmates to engage in recreation. The district court denied Christoph's motion, concluding that he was not entitled to discovery and that defendants had complied with the Plan's notice of disclosure requirement.

We hold that these records clearly met the Plan's definition of documents that are likely to bear significantly on any claim. Christoph complained of jail overcrowding. Information concerning the daily operation logs for cell block 2 would likely have an influence on or affect the outcome of his claim that the jail was unconstitutionally overcrowded, *see* E. D. Tex. R. CV-26(b)(3)(C), and deserved to be considered in the preparation, evaluation, or trial of that claim, *see* E. D. Tex. R. CV-26(b)(3)(D). It would also bear significantly on his assertion that Sheriff Kendrick released all but four inmates from the cell block two days following the assault of Christoph because he knew the cell was illegally overcrowded and was attempting to cover up or cure the problem. Information regarding the jail recreation logs or records would likely have an influence on or affect the outcome of Christoph's claim that he was denied recreation, and it deserved to be considered in the preparation, evaluation, or trial of that claim. Defendants were therefore obligated under the Plan to disclose these records.

Defendants do not contend that these documents were not in their possession, custody, or control. They do not cite any place in the record that establishes that they disclosed the documents to Christoph, nor have we found from our review of the record that the required disclosures were made.[6] Defendants principally focus on

---

[6]As we have noted, under the Plan, only notices of disclosure, not the disclosures themselves, are to be filed with the court. *See* E. D. Tex. R. CV-26(e).

other discovery requests that Christoph submitted. Concerning the documents at issue, they assert summarily that "[o]nce Defendants' initial disclosure was filed, Plaintiff simply re-urged all of the improper motions." They contend that the district court applied the Plan as written and did not clearly abuse its discretion. In view of the absence of any indication that defendants disclosed the documents that Christoph seeks, we hold that the district court abused its discretion and made an unreasonable discovery ruling when it held in its order that defendants had complied with the notice of disclosure requirement of the Plan but did not address whether they had in fact made the required disclosures. We also hold that the district court's denial of Christoph's motion for disclosure was unreasonable and an abuse of discretion, because these records were plainly within the scope of documents that defendants were obligated to disclose automatically in a Track 2 case.

C

We next decide whether defendants' failure to disclose these documents, and the district court's failure to order their disclosure, require that the judgment be vacated.

In the context of district court evidentiary rulings that are reviewed for abuse of discretion, we have held that the abuse of discretion must create the likelihood of prejudice. *See United States v. Tansley*, 986 F.2d 880, 887 (5th Cir. 1993). Even if the district court errs in an evidentiary ruling, the error can be excused if it was harmless. *United States v. Capote-Capote*, 946

F.2d 1100, 1105 (5th Cir. 1991). Because we hold that this standard of review also applies to the discovery ruling at issue, we will determine whether it is likely that Christoph incurred prejudice that affected his substantial rights.

We have carefully considered the trial record to assess whether Christoph was prejudiced by the non-disclosure, and we conclude that he was. Christoph sought in his motion for disclosure to obtain documents that would enable him to prove that his cell block was overcrowded on the days he entered the jail and was assaulted. He also attempted to obtain records that would permit him to demonstrate that two days following the assault, Sheriff Kendrick significantly reduced the number of prisoners in the cell block (from approximately 18 to four) in an attempt to cure or cover up the overcrowding. Christoph introduced his own testimony, and that of another inmate, to establish these facts. He also attempted unsuccessfully to elicit favorable testimony concerning the jail population from witnesses aligned with defendants.

Defendants vigorously impeached Christoph's evidence, establishing through cross-examination that the witnesses could not recall accurately the number of prisoners held at the relevant times. In part using Christoph's exhibits concerning inspections by the TCJS for the period 1989-1991, defendants attempted to show that the number of prisoners was decreasing over time, was far below what Christoph contended, and did not exceed the rated jail

capacity to an unconstitutional extent.[7]  They offered detailed evidence concerning the configuration of the jail, its rated capacity and average daily population, and approximate prisoner population.  When Christoph sought to prove through House, the Jailer, that the cell block population was significantly reduced within days of the assault, House testified that he could not recall whether the number of prisoners was reduced to four on May 11, 1992.  Christoph, who lacked the documents that defendants should have disclosed, was forced to rely solely on the testimony of convicted felons (including himself)[8] to establish the jail population in 1992, and was unable to impeach defendants' evidence.  In opening statement, defendants' counsel accused Christoph of exaggerating his overcrowding claim and emphasized during opening statement and closing argument that Christoph had increased dramatically the number of prisoners that he alleged were detained with him in the same cell block.  Defendants' counsel also relied on plaintiff's TCJS records for 1991 to suggest that the jail was not overcrowded in 1992.  Christoph likely suffered prejudice due to defendants' failure to disclose the daily operation logs for the relevant periods.

_____

[7]Defendants conceded that the jail housed more inmates than were permitted under the facility's rated capacity.  They pointed out, however, that because of state prison overcrowding, many Texas counties were unable to transfer convicted felons from their jails to the TDCJ for service of sentence.  They maintained that, despite these adverse circumstances, the number of prisoners in the Houston County jail never exceeded what was constitutionally permissible.

[8]The district court orally instructed the jury during trial that it could consider the fact that a witness had been convicted of a felony in assessing his credibility.

Concerning Christoph's recreation claim, defendants introduced evidence explaining how Houston County had converted the Sally Port at the jail into a recreation area when the recreation yard was eliminated to permit construction, then in progress, of a new jail. They offered testimony that this area was available for and used by prisoners for exercise and recreation. Defendants also adduced evidence that prisoners were permitted to do push ups and similar exercises indoors when space was available, and that the jail provided prisoners with dominos, cards, newspapers, books, access to television, and tobacco products. Defendants produced expert testimony that the facilities and recreation options at the jail complied with TCJS standards. Christoph and another inmate witness testified that jail officials denied outside recreation to prisoners, but Christoph lacked jail recreation records that might corroborate this evidence. Defendants' failure to produce recreation logs or records likely prejudiced Christoph.[9]

* * *

Accordingly, we VACATE the judgment of the district court and REMAND this case for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

[9]House testified that he was not sure whether there was a recreation log that showed outside recreation. We have assumed, absent defendants' denial, that there is such a record, but we do not preclude defendants on remand from establishing that a recreation log was not maintained during the relevant period.