## WINSTON v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted May 4, 1926. Decided May 10, 1926.)

No. 4378.

1. **Intoxicating liquors ☞279.**

Motion for new trial is addressed to sound discretion of trial court.

2. **Intoxicating liquors ☞279—Denial of new trial to one adjudged in contempt and fined for violation of injunction pendente lite, sought on ground that principal witness against defendant was in fact unable to recognize him at times involved, held not abuse of discretion (National Prohibition Act, tit. 2, § 22 [Comp. St. Ann. Supp. 1923, § 10138½k]).**

Denial of new trial to one adjudged in contempt and fined for violation of injunction pendente lite, issued under National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), sought on ground that principal witness against defendant, according to sworn statement in support of motion, was so "doped up" at times involved that he could not have recognized defendant, *held* not abuse of discretion.

Appeal from the Supreme Court of the District of Columbia.

John Winston was adjudged in contempt and fined for a violation of an injunction pendente lite, and he appeals. Affirmed.

C. S. Baker, of Washington, D. C., for appellant.

Peyton Gordon and W. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a judgment of the lower court, assessing a fine upon the appellant because of his alleged violation of an injunction pendente lite theretofore issued by the court under section 22, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k).

It appears that appellant, in a suit brought against him and another under that section, was enjoined pendente lite from manufacturing or selling intoxicating liquor at certain described premises located within the District of Columbia; that afterwards, before the case came to trial, an information was filed against appellant, charging him with the sale of intoxicating liquors at said premises during the pendency of said injunction pendente lite, in violation of the National Prohibition Act and of the terms of the injunction; that the information was duly tried by the court upon the evidence, and appellant was found guilty of the charge, and accordingly was adjudged in contempt of court and was fined.

The court's finding and judgment were based in large part upon the testimony of an informer to the effect that he had made two purchases each of one half pint bottle of

whisky from appellant at the time and place stated in the information. This testimony was strongly confirmed by proof that, immediately after the alleged purchase, the premises in question were searched under a search warrant and 11 bottles of alcoholic liquors were found in the back room, and certain marked money was found in a cash drawer, and was identified as money furnished to the informer with which to pay for the liquor.

A motion for a new trial was subsequently filed by appellant, supported by a sworn statement of the informer to the effect that the testimony given by him at the trial of appellant was incorrect, and that he was so "doped up" at the time when he bought the liquor that he could not, and in fact did not, recognize the person who sold it to him, and that he could not say that it was Winston. The court overruled the motion for a new trial, from which ruling this appeal was taken.

[1, 2] The appellant claims that the sworn statement given by the informer in support of the motion for a new trial is in the nature of newly discovered evidence, which could not have been discovered by appellant by the exercise of due diligence before the trial, and which, if admitted in a retrial of the issues, will in all probability result in a different finding and judgment by the court. It is claimed accordingly that it was error for the lower court to overrule appellant's motion for a new trial.

We cannot agree with this claim, and we affirm the ruling and judgment of the lower court, upon the ground that the motion for a new trial was addressed to the sound discretion of the lower court, and the present record discloses no abuse of discretion in this case.

Affirmed.