## CONCRETE OIL TANK CO. v. MENEFEE.

### No. 5333.

Court of Appeals of the District of Columbia.

Argued Feb. 4, 1932.

Decided Feb. 29, 1932.

J. Harry Welch and H. M. Welch, both of Washington, D. C., for plaintiff in error.

Edwin A. Swingle and Ernest A. Swingle, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

### PER CURIAM.

Menefee, defendant in error (plaintiff below), recovered judgment in the municipal court on account of personal injuries alleged to have been incurred by reason of the collapsing of the rigging and equipment of plaintiff in error (defendant below) while being used in attempting to erect a smokestack.

To the denial of defendant's motion for a directed verdict at the close of plaintiff's evidence no exception was taken. The defendant then introduced evidence in its own behalf, and did not repeat its motion for a directed verdict at the close of all the evidence. Defendant then requested and was granted an instruction to the jury on the question of contributory negligence. "Whereupon," the record discloses, "the court charged the jury generally as to the law of the case, to which charge no objections or exceptions were taken or noted by either the plaintiff or the defendant; nor were any objections made or exceptions noted to the admission or rejection of any testimony whatsoever during the trial. * * * *"

It now is contended (1) that the court should have directed a verdict for the defendant, and (2) that the court erred in refusing to grant a new trial.

By introducing evidence in its own behalf and failing to move for a directed verdict at the close of all the evidence, defendant acquiesced in the submission of the case to the jury and cannot now be heard to complain. Slye v. Guerdrum, 29 App. D. C. 551; Washington Utilities Co. v. Wadley, 44 App. D. C. 176; Murray v. United States, 53 App. D. C. 119, 288 F. 1008; Picard v. Smith, 59 App. D. C. 291, 40 F.(2d) 803; Breuninger v. Lightbown, 60 App. D. C. 297, 53 F.(2d) 551, 60 W. L. R. 7; McCabe & Steen Const. Co. v. Wilson, 209 U. S. 275, 28 S. Ct. 558, 52 L. Ed. 788.

The ruling of the court on the motion for a new trial is not subject to review on appeal unless it clearly appears that there has been an abuse of discretion, which the record in this case fails to disclose. Winston v. United States, 56 App. D. C. 325, 13 F.(2d) 297; Capital Traction Co. v. Sneed, 58 App. D. C. 141, 26 F.(2d) 296; Fitzgerald v. Dodson, 58 App. D. C. 150, 26 F.(2d) 522; Kenyon v. Youngman, 59 App. D. C. 300, 40 F. (2d) 812; Fitzgerald & Mallory Const. Co. v. Fitzgerald, 137 U. S. 98, 11 S. Ct. 36, 34 L. Ed. 608; Van Stone v. Stillwell & Bierce Mfg. Co., 142 U. S. 128, 12 S. Ct. 181, 35 L. Ed. 961; Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010.

Affirmed, with costs.

Affirmed.