United States Court of Appeals,

Fifth Circuit.

No. 92-7606

Summary Calendar.

Tim WELLS and Linda Wells, Plaintiffs-Appellees,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.

June 22, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, JOLLY and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

State Farm Fire & Casualty Company appeals an adverse judgment on verdict awarding Tim and Linda Wells $57,000 in damages, $3,800 in prejudgment interest, and $18,810 in attorney's fees for violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). Finding no reversible error, we affirm.

## Background

The Wellses purchased a fire insurance policy from State Farm. After a fire caused extensive damage to their garage and surrounding areas of their home, the Wellses filed a claim seeking compensation for the cost of repairs and replacement of personal items. State Farm's adjuster inspected the damage and promptly advanced $1,500. State Farm disagreed with Wells as to the extent of the damage to the structure, as well as the cost of and ability to make repairs to personal property, and demanded three independent estimates. Dissatisfied with what they perceived as belligerence from State Farm, the Wellses hired an independent adjuster to represent them during the claims process. They suggest that State Farm was very displeased with this decision.

The Wellses eventually complied with State Farm's demand for independent estimates which ranged from $206,000 to $235,000. State Farm offered $68,000 two months after the fire; its contractor was still preparing an estimate.

When State Farm's contractor estimated structural damage at $182,000, State Farm demanded an appraisal. The appraisers eventually submitted the matter to an umpire. State Farm then paid approximately $500,000 to cover all losses. The Wellses contended at trial that State Farm canceled meetings, refused to return their telephone calls and those of their adjuster, maintained a threatening posture throughout the negotiations, and purposefully dragged its heels to delay or avoid making payment under the policy.

The case proceeded to trial before a jury. At the close of plaintiffs' case-in-chief, State Farm moved for judgment as a matter of law,[1] asserting that the evidence showed only that it had insisted on enforcing its rights under the policy. The court denied the motion and State Farm proceeded with its evidence. Plaintiffs then submitted rebuttal evidence. State Farm did not renew its motion for judgment as a matter of law at the close of all of the evidence. Rather, it waited until after the jury returned a verdict in favor of the Wellses. That motion was also denied in a comprehensive 11-page opinion. State Farm timely appealed, raising five points relating to sufficiency of the evidence.

Analysis

Although neither party has noted the problem, we perforce consider whether State Farm's appellate challenges admit of plenary review in light of the non-renewal of its motion for judgment as a matter of law at the close of all the evidence.

Our cases prior to the recent amendments to Rule 50 of the Federal Rules of Civil Procedure confirm that State Farm's motion for judgment at the close of its opponents' case-in-chief would not have been sufficient to preserve the asserted lack of sufficiency, because of the significant additional evidence.[2] The established requirements of Rule 50 are founded in seventh amendment limitations on summary procedure, and prudential notions of fairness.[3]

---

[1]This case was tried one month after amendments to Rule 50 eliminated reference to directed verdict and judgment notwithstanding the verdict and classified them both as judgment as a matter of law.

[2]9 Charles A. Wright & Arthur A. Miller, *Federal Practice and Procedure* § 2536, 593 (1971).

[3]Despite having made an earlier motion for judgment as a matter of law, a party should not be allowed to introduce evidence which may cure deficiencies in his opponent's proof or to sit

The recent amendments do not change the requirement that a party seeking judgment as a matter of law state with specificity the reasons for the judgment in its motion after the close of all the evidence and before the case is submitted to the jury if there is to be a challenge to the sufficiency of the evidence.[4]

"By introducing its own evidence and failing to renew the motion for [judgment as a matter of law] after all the evidence was in, [State Farm] waived any objection to the sufficiency of the plaintiff's *prima facie* case."[5] This is not a case in which the first motion is so near the close of the evidence that the failure to renew is insignificant.[6] Thus, the post-verdict motion was not properly before the court in the absence of a renewed motion for judgment at the close of all the evidence[7] and

---

through his opponent's rebuttal without specifically pointing thereafter to remaining defects in proof. Otherwise, a party could gamble on a favorable jury verdict and deny his opponent a chance to cure the deficiency timely. *See McLaughlin v. The Fellows Gear Shaper Co.,* 786 F.2d 592 (3d Cir.1986) (per Adams, J., dissenting: "The rule serves important practical purposes in ensuring that neither party is precluded from presenting the most persuasive case possible and in preventing unfair surprise after a matter has been submitted to the jury."), *cited in* Fed.R.Civ.P. 50 advisory committee's note.

[4]The revised Rule, as applicable here, provides:

> Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment.

Fed.R.Civ.P. 50(b). *See also Lightning Lube, Inc. v. Witco Corp.,* 802 F.Supp. 1180 (D.N.J.1992); *Agresta v. City of Philadelphia,* 801 F.Supp. 1464 (E.D.Pa.1992). Moore's *Federal Practice* ¶ 50.4 (1993 Rules Pamphlet).

[5]*McCann v. Texas City Refining, Inc.,* 984 F.2d 667 (5th Cir.1993); *McCabe & Steen Constr. Co. v. Wilson,* 209 U.S. 275, 28 S.Ct. 558, 52 L.Ed. 788 (1908).

[6]We have noted that in some cases we will overlook *de minimis* technical violations of Rule 50 where it would serve the overall purposes of the Rule. We also have stressed that in each of those cases the trial court had reserved a ruling on the motion; the defense called no more that two witnesses before closing; only a few minutes passed between the plaintiff resting and the defendant doing the same; and the plaintiff introduced no rebuttal. *McCann,* 984 F.2d at 671. There was one and one-half days of testimony relating to State Farm's handling of the Wellses' claim after State Farm tendered its motion, including four witnesses called by State Farm. The Wellses also put on rebuttal evidence.

[7]*Id.;* Fed.R.Civ.P. 50(b). *See also* Fed.R.Civ.P. advisory committee's note ("Paragraph (a)(2) retains the requirement that a motion for judgment be made prior to the close of the trial, subject to renewal after a verdict has been rendered.").

the question of sufficiency is not subject to plenary review. Rather, our review is limited to considering whether there was any evidence to support the jury's verdict, or whether plain error was committed which, if left uncorrected, would result in a manifest miscarriage of justice.[8]

The DTPA provides a damage remedy to insureds where their insurer does not attempt "in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become clear."[9] Tim Wells testified that State Farm remained contentious and resistant throughout the claims settlement process and refused to pay for their losses well after it had received objective information substantiating an amount of loss significantly in excess of what it had offered. We are persuaded, as was the district court, that this and other evidence sufficed to support the jury's verdict under standard sufficiency review. It is therefore manifestly sufficient under the appellate review standard applicable herein.

The judgment of the district court is AFFIRMED in all respects.

---

[8]*Coughlin v. Capitol Cement Co.,* 571 F.2d 290 (5th Cir.1978).

[9]Tex.Rev.Civ.Stat. art. 21.21-2(2)(d) (Supp.1993); *see also Aranda v. Insurance Co. of N.A.,* 748 S.W.2d 210 (Tex.1988) (creating a private damage remedy).