UNITED STATES, Appellee,

v.

Robert L. WILSON, Mess Management Specialist Seaman, U.S. Navy, Appellant.

No. 99–0202.
Crim.App. No. 98–0333.

U.S. Court of Appeals for the Armed Forces.

Argued Nov. 10, 1999.

Decided Sept. 1, 2000.

Effron, J., concurred and filed opinion.

Sullivan, J., concurred in part and dissented in part and filed opinion.

Crawford, Chief Judge, concurred in result.

GIERKE, J., delivered the opinion of the Court, in which EFFRON, J., and COX, S.J., joined. EFFRON, J., filed a concurring opinion. SULLIVAN, J., filed an opinion concurring in part and dissenting in part. CRAWFORD, C.J., filed an opinion concurring in the result.

For Appellant: *Captain Curtis M. Allen,* USMC (argued).

For Appellee: *Major Mark K. Jamison,* USMC (argued); *Colonel Kevin M. Sandkuhler,* USMC, *Commander Eugene E. Irvin,* JAGC, USN, and *Lieutenant Russell J. Verby,* JAGC, USNR (on brief).

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of aggravated assault (2 specifications), assault consummated by a battery, and kidnapping, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 7 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence but suspended all confinement in excess of 30 months for a period of 30 months in accordance with a pretrial agreement. The Court of Criminal Appeals affirmed in an unpublished opinion.

Our Court granted review of the following issues:

### I

WHETHER THE COURT OF CRIMINAL APPEALS FAILED TO ANALYZE THE PREJUDICE TO APPELLANT UNDER *UNITED STATES V. WHEELUS*, "SOME COLORABLE SHOWING OF POSSIBLE PREJUDICE," AND INSTEAD ERRONEOUSLY TESTED FOR PREJUDICE UNDER ARTICLE 59(a), UCMJ, "MATERIAL PREJUDICE TO THE SUBSTANTIAL RIGHTS OF THE ACCUSED."

### II

WHETHER THE COURT OF CRIMINAL APPEALS ERRED IN FAILING TO REQUIRE THE GOVERNMENT TO SHOW THAT THE FAILURE TO ABIDE BY ARTICLE 60, UCMJ, WAS NOT PREJUDICIAL.

For the reasons set out below, we affirm.

### Factual Background

The facts underlying appellant's guilty pleas were set out in a stipulation of fact. The stipulation recites that appellant grabbed Religious Programs Specialist Seaman (RPSN) B around the neck, brandished a 12–inch barbecue fork in her face, and threatened to stab her. He forced her into an unoccupied room in the barracks where he pushed her onto a bed, unbuckled and pulled down her pants, and placed his hand on her vaginal area. He held RPSN B in the room against her will for about an hour, during which she attempted to escape four times but was forced by appellant to remain in the room.

After the record was completed and authenticated, the staff judge advocate's (SJA's) recommendation was signed and submitted by Lieutenant (LT) Brendan C. Curran, a commissioned officer of the Judge Advocate General's Corps, who identified himself as the "Assistant Staff Judge Advocate, Naval Training Center, Great Lakes." The document does not reflect whether the SJA reviewed and approved it, nor does it reflect whether LT Curran was the acting SJA when he prepared and submitted his recommendation.

LT Curran neglected to mention appellant's request for deferment of his reduction in grade and forfeitures and his request for clemency. The convening authority's action, however, specifically recites that he considered "the record of trial, the results of trial, the request for deferment of reduction in rank and forfeitures from the defense counsel submitted 23 December 1997, the clemency request received on 3 February 1998 and the recommendation of the Staff Judge Advocate."

The SJA's recommendation was served on appellant and his defense counsel. Defense counsel responded that he had no comments concerning the recommendation. Appellant did not challenge LT Curran's authority to prepare and submit the posttrial recommendation until his case was before the Court of Criminal Appeals. That court held, 52 MJ 308, that it was error for LT Curran to submit the posttrial recommendation in his capacity as an assistant SJA, but it declined to grant relief, holding that any error was waived unless it rose to the level of plain error. The court did not attempt to determine if LT Curran was in fact the acting SJA. The court held that there was no plain error. Unpub. op. at 2.

*Discussion*

Appellant now asserts that he was deprived of a posttrial recommendation prepared by "a senior officer with greater legal and life experience" than LT Curran. Final Brief at 5. He argues that a more experienced officer may have viewed his requests for clemency differently. The Government argues that any error was waived and does not rise to the level of plain error.

Article 60(d), UCMJ, 10 USC § 860(d), requires that the convening authority "obtain and consider the written recommendation of his staff judge advocate or legal officer." Similarly, RCM 1107(b)(3)(A)(ii), Manual for Courts–Martial, United States (1995 ed.),* requires that the convening authority consider "[t]he recommendation of the staff judge advocate or legal officer under RCM 1106, if applicable." In *United States v. Kema,* 10 USCMA 272, 27 CMR 346 (1959), the three judges of this Court each took a somewhat different approach to a case where an assistant SJA prepared and signed the posttrial review, and the SJA added a statement, "I concur," and signed it. The judges disagreed on the amount of personal involvement required of the SJA. All three judges were in agreement, however, that Congress contemplated that the convening authority receive the recommendation of the SJA, not an assistant SJA.

■ RCM 1106(f)(6) provides that defense counsel's failure to comment on any matter in the posttrial recommendation in a timely manner waives any later claim of error, unless it rises to the level of plain error. An appellant has the burden of persuading this Court that there was plain error. He must show that (1) there was an error; (2) that it was plain or obvious; and (3) that the error materially prejudiced a substantial right. *United States v. Finster,* 51 MJ 185, 187 (1999), citing *United States v. Powell,* 49 MJ 460, 463, 465 (1998). Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents "some

colorable showing of possible prejudice." *United States v. Wheelus,* 49 MJ 283, 289 (1998).

In this case, LT Curran was statutorily qualified to submit the posttrial recommendation if the SJA reviewed and approved it or if LT Curran was the acting SJA because of the absence or disqualification of the SJA. Thus, this case is different from our recent decision in *United States v. Finster, supra,* where the recommendation was submitted by an enlisted person who was statutorily unqualified.

The court below did not determine the specific nature of the error. Instead it merely recited two possibilities: (1) an administrative error by failing to identify LT Curran as the acting SJA, or (2) a legal error, *i.e.,* submission of the posttrial recommendation by an officer other than the senior judge advocate present for duty. The court below concluded that any error did not rise to the level of plain error.

■ We hold that appellant has failed to carry his burden of persuading us that there was plain error. There is nothing in the record before us showing that LT Curran was not the senior judge advocate present for duty. Appellant has shown only a minor clerical error in LT Curran's signature block, which falls short of the substantive legal error required by Article 59(a), UCMJ, 10 USC § 859(a), and the third prong of *Powell.*

Furthermore, appellant has pointed to no errors in the posttrial recommendation and we have found none, except the failure to mention the clemency request and request for deferment. However, that failure was clearly harmless, because the convening authority specifically recited in his action that he considered them. While in another case there might have been a reasonable likelihood of a more favorable recommendation from a "senior officer with greater legal and life experience" than LT Curran, that likelihood is purely speculative in this case. Appellant went to trial facing serious charges

---

* All Manual provisions are cited to the version in effect at the time of trial. The 1998 Manual version is unchanged, unless otherwise indicated.

and a possible sentence of life imprisonment. *See* para. 92e, Part IV, Manual, *supra* (maximum punishment for kidnapping). He had negotiated a pretrial agreement that had the practical effect of cutting the adjudged confinement from 7 years to 30 months. We recognize the highly discretionary nature of the convening authority's clemency power. Nevertheless, we are convinced that there is no reasonable likelihood that the SJA would have recommended clemency in this case, or that the convening authority would have granted it.

## Decision

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring):

When a judge advocate serves as the assistant to the Staff Judge Advocate (SJA), and his or her duties include acting as the SJA in the absence of that officer, the assistant has been placed in the type of command-staff organizational relationship contemplated by Article 60(d), UCMJ. In that context, even if the assistant SJA was not formally serving as the acting SJA at the time the recommendation was submitted, any error in the preparation of the post-trial recommendation by the assistant SJA would not constitute structural error or otherwise constitute prejudicial plain error. *Compare United States v. Finster*, 51 MJ 185 (1999) *with United States v. Hensley*, 52 MJ 391, 394 (2000) (Effron, J., dissenting).

SULLIVAN, Judge (concurring in part and dissenting in part):

The majority resolves this case on the basis of the third prong of *United States v. Powell*, 49 MJ 460 (1998), *i.e.*, plain error must be shown by an appellant to have materially prejudiced his substantial rights. *Powell*, however, only places a burden on an appellant to show a "substantive legal error" was committed without regard for its effect on the outcome of the case. (Maj. Op. at 59) It then places the burden on the Government to show such error was harmless in view of the outcome of the case. *Id.* at 465. By

seemingly embracing this dicta in *United States v. Powell, supra*, the majority establishes the most liberal plain error rule in our country. *See* 1 *Wigmore on Evidence* § 18 at 796 (Tillers rev.1983); *see generally* Christian Ferguson, Note, *Pharo v. State: Plain Error By Any Other Name*, 44 Ark. L.Rev. 799 (1991).

In adopting such a plain error rule, it:

1. Eliminates the well recognized burden of an accused to show unobjected to error prejudiced the outcome of his trial.

2. Places an unparalleled burden on the Government to show an unobjected to error did not prejudice the outcome of the case.

3. Eliminates the well recognized discretion of an appellate court to cure plain error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*Contra Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *supra; see United States v. Fisher*, 21 MJ 327 (CMA 1986)(similar plain error rule requirements as cited Supreme Court cases without discussion of burden). I strongly disagree with the majority's new law. *See United States v. Plaut*, 18 USCMA 265, 272, 39 CMR 265, 272 (1969); *United States v. Pond*, 17 USCMA 219, 224, 38 CMR 17, 22 (1967); *United States v. Stephen*, 15 USCMA 314, 317–318, 35 CMR 286, 289–90 (1965) (applying Fed.R.Crim.P. 52(b) to determine plain error).

I have previously disagreed with this Court's holding, repeated in *Powell*, that a Court of Criminal Appeals is not fully subject to the well-established law of plain error. *See United States v. Claxton*, 32 MJ 159, 165 (CMA 1991)(Sullivan, J., concurring in part and in the result). I have also disagreed with this Court's attempt to fashion a plain error rule based on Article 59(a), UCMJ, 10 USC § 859(a), that is different from that delineated by the Supreme Court in *Johnson* and *Olano*. *See United States v. Powell, supra* at 466 (Sullivan, J., concurring in the result). The establishment of a *per se* plain

error reversal rule for the Court of Criminal Appeals (one which does not allow that appellate court to determine whether prejudicial error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings") is contrary to our decision in *United States v. Fisher, supra,* and denigrates the status of the lower appellate court as a court of law. Article 66(c), UCMJ, 10 USC § 866(c); *see Jackson v. Taylor,* 353 U.S. 569, 576–80, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957).

In addition, to further establish a plain error rule that shifts the burden to the Government to show unobjected to error did not prejudice the outcome of the case is unprecedented.[1] *See Wigmore, supra.* Certainly, the language of Article 59(a), UCMJ, does not expressly delineate such a burden, nor does it dictate such a holding by our Court. Mil.R.Evid. 103, Manual for Courts–Martial, United States (1995 ed.), which is identical to Fed.R.Evid. 103 except that it has added language to conform to Article 59(a), UCMJ, also does not justify such burden shifting. Finally, *United States v. Olano, supra,* holds to the contrary, despite the majority's citation in *Powell* to that Supreme Court decision.[2]

Finally, the majority's suggestion in this case and in *Powell, supra* at 465, that the words "affecting substantial rights" in Fed. R.Crim.P. 52(b) and *United States v. Olano, supra* at 734, 113 S.Ct. 1770, does not focus on the impact of the error on the outcome of the case is not well taken. 54 MJ at 59. Justice Brennan in his concurring in part and dissenting in part opinion in *United States v.* *Lane,* 474 U.S. 438, 455, 106 S.Ct. 725, 88 L.Ed.2d 814, said contrarily:

For the reasons which follow, I conclude that the question whether a particular error "affects the substantial rights of the parties" does not entail a process of classification, whereby some rights are deemed "substantial" and errors affecting these rights are automatically reversible. Rather, an error "affects substantial rights" only if it casts doubt on the outcome of the proceeding. In other words, subject to the exceptions discussed in Part II (most importantly the exception for constitutional errors), I read § 2111 and Rule 52(a) to require harmless-error inquiry for all procedural errors. As *none of these exceptions is applicable to misjoinder in violation of Rule 8, I concur in the Court's result on this issue.

Reference to whether error "affected the substantial rights of the parties" was not invented by Congress in 1919. The phrase was commonly used by courts throughout the 19th century to express the conclusion that particular claims of error did or did not warrant reversal. *However, as used by these courts, error which "affected the substantial rights of the parties" was generally understood to refer, not to errors respecting a particular class of rights, but rather to any error which affected the fairness of the trial as a whole by calling into question the reliability of the result. See, e.g.,* Connors v. United States, 158 U.S. 408, 411, 414, 15 S.Ct. 951, 39 L.Ed. 1033 (1895); *Maish v. Arizona,* 164 U.S. 599, 602, 17 S.Ct. 193, 41 L.Ed. 567 (1896); *Williams v. United States,* 168 U.S. 382, 390–398, 18 S.Ct. 92, 42 L.Ed. 509 (1897); *American Surety Co. v. Pauly,* 170 U.S. 133, 159, 18 S.Ct. 552, 42 L.Ed. 977 (1898);

---

1. This Court's recent decision in *United States v. Finster,* 51 MJ 185 (1999), does not hold that an accused under military plain error law has no burden to show unobjected to error prejudiced his case. It recognized that "the prejudicial impact of the error was manifest" in that case and held that the Court of Criminal Appeals can identify *"prejudicial error* without regard to the nature or quality of an accused's submission on appeal." (Emphasis added.) Moreover, it clearly stated that "Courts of Criminal Appeals in appropriate cases may rely on the failure of the accused to identify prejudicial error as a basis for denying relief...." *Id.* at 188.

2. In *United States v. Olano,* 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court discussed Congress shifting the burden on the question of prejudice from the Government under Fed.R.Crim.P. 52(a) (objected to error) to the accused under Fed.R.Crim.P. 52(b) (unobjected to error). It does not suggest in any way that the burden on the question of prejudice from unobjected to error shifts back to the Government if the accused shows a certain type of right is violated.

*McCabe & Steen Constr. Co. v. Wilson,* 209 U.S. 275, 279, 28 S.Ct. 558, 52 L.Ed. 788 (1908); *Holmgren v. United States,* 217 U.S. 509, 523–524, 30 S.Ct. 588, 54 L.Ed. 861 (1910). *In other words, the statement that an error did not "affect the substantial rights of the parties" was a way of stating the conclusion that the error was not prejudicial.*

This separate opinion was subsequently cited in *Olano* in explaining that such language in Fed.R.Crim.P. 52(b) means that plain error must also be prejudicial in terms of the outcome of the case. *United States v. Olano, supra* at 734, 113 S.Ct. 1770.

The bottom line in appellant's case is that his plain error claim with respect to various defects in the post-trial recommendation must fail. In my view, he has not shown that any error in this review impacted the sentence approved in this case, nor is such prejudice manifest. As said in *Olano, supra* at 741, 113 S.Ct. 1770:

> In sum, respondents have not met their burden of showing prejudice under Rule 52(b). Whether the Government could have met its burden of showing the absence of prejudice, under Rule 52(a), if respondents had not forfeited their claim of error, is not at issue here. This is a plain-error case, and it is respondents who must persuade the appellate court that the deviation from Rule 24(c) was prejudicial.

Moreover, he has not shown that affirmance of the approved sentence "seriously affect[ed] the fairness, integrity or public reputation" of these military judicial proceedings, nor is such a situation manifest in this case. *See Johnson v. United States, supra.* Accordingly, I urge the majority to return to mainstream American jurisprudence and affirm this case on these bases.

CRAWFORD, Chief Judge (concurring in the result):

I concur in the result. *See United States v. Kho,* 54 MJ 63 (2000)(Crawford, C.J., concurring in the result).