SULLIVAN, Judge
(concurring in part and dissenting in part):

Overview

The majority, as part of its plain error analysis on Issue I, has examined the record as a whole and determined that “there was no material prejudice to appellant’s substantial rights in this case.” 56 MJ at 122, 123. It justifies its conclusion on the basis of the context of this trial, “the overwhelming evidence of appellant’s guilt,” and “the implausibility of appellant’s exculpatory story.” Id. at 123. Such a holding is clearly inconsistent with the plain error approach of this Court in United States v. Powell, 49 MJ 460, 464 (1998). See United States v. Ruiz, 54 MJ 138, 144 (2000) (Gierke, J., concurring in part and in the result and dissenting in part) (disagreeing with majority that “unfair prejudicial impact on the jury’s deliberation is an element of plain error”).
I sense a continued withdrawal, albeit sub silentio, by the majority of this Court from the plain error dicta[1] of United States v. Powell. See United States v. Tanksley, 54 MJ 169, 173 (2000); United States v. Ruiz, supra at 138-43; United States v. Kho, 54 MJ 63, 65 (2000); United States v. South-wick, 53 MJ 412, 414 (2000). I applaud the majority’s return to the more conventional outcome-oriented approach to plain error previously followed by this Court in United States v. Fisher, 21 MJ 327, 328 (CMA 1986). See generally United States v. Wilson, 54 MJ 57, 60-62 (2000) (Sullivan, J., concurring in part and dissenting in part), citing United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Issue I

Trial Counsel’s Argument (Plain Error)
As a preliminary matter, I must note my disagreement with the majority that trial *128 counsel’s references in his closing argument to appellant’s pretrial request for counsel “reflected negatively” on his right to counsel and, therefore, constituted error. 56 MJ at 123. In United States v. Robinson, 485 U.S. 25, 32, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988), the Supreme Court clearly said: “[W]here as in this case the prosecutor’s reference to the defendant’s opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege.” The references in this ease were proper in this light, and there was no suggestion that the prosecution was trying to use this evidence of exercise of rights to substantively show appellant’s guilt. Even if I were to find that these references to appellant’s exercise of his right to counsel were erroneous without specific limiting instructions, I would find such errors neither obvious nor substantial.
Concerning the majority’s “material prejudice to substantial rights” analysis, I agree that this factor is appropriate in a military plain error case, i.e., a case where there was no objection at trial to the prosecutor’s argument. See generally Article 59(a), UCMJ, 10 USC § 859(a). I also note that under conventional plain error doctrine, there is a requirement for determining whether the unobjected to error affected an accused’s substantial rights. See United States v. Wilson, supra (Sullivan, J., concurring in part and dissenting in part). By that is meant, did the “unobjected to” error, as demonstrated by the entire record of trial, substantially impact the outcome of the trial? Id.; see United States v. Kho, supra (Sullivan, J., concurring). Contrary to Powell, supra at 464, this Court has once again implied that in our Court, the effect of the unobjected to error on the outcome of the case as demonstrated by the record of trial is a recognized part of finding plain error. See United States v. Tanksley, 54 MJ at 173; see also United States v. Ruiz, 54 MJ at 143.
Article 59(a), UCMJ, is consistent with this approach. It states:
A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.
(Emphasis added.)
Similar language has been viewed by the Supreme Court as “authorizing] no remedy unless the error does ‘affec[t]’ substantial rights.” See United States v. Olano, 507 U.S. at 735, 113 S.Ct. 1770. It also has been construed to place the burden on the convicted person to show prejudice to his trial result based on the entire record, and not on the Government to show harmlessness. Id. at 734, 113 S.Ct. 1770.
This Court has applied Article 59(a), UCMJ, somewhat differently where error has been objected to at trial by the accused. If the error is a violation of constitutional or codal norm, we have required that the Government convince us that unobjected to error was harmless based on the entire record of trial. See United States v. Lucas, 1 USCMA 19, 23,1 CMR 19, 23 (1951); United States v. Lee, 1 USCMA 212, 216, 2 CMR 118, 122 (1952). In this regal’d, we have followed Supreme Court case law (Kotteakos v. United States, 328 U.S. 750, 761-62, 764-65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)) and Fed. R.Crim.P. 52(a) in applying Article 59(a), UCMJ, to objected to errors.
Nevertheless, with respect to unobjected to error at the trial level, this Court has literally applied Article 59(a), UCMJ, consistent with Supreme Court decisions on plain error and Fed.R.Crim.P. 52(b). See generally United States v. Fisher, 21 MJ at 327; United States v. Plant, 18 USCMA 265, 272, 39 CMR 265, 272 (1969); United States v. Pond, 17 USCMA 219, 224, 38 CMR 17, 22 (1967); United States v. Stephen, 15 USCMA 314, 317-18, 35 CMR 286, 289-90 (1965). This body of plain error law places the burden on the appellant to show prejudice from the entire record of trial as to the outcome of the case. See United States v. Williams, 47 MJ 142, 144 (1997); United States v. Hall, 46 MJ 145, 147 (1997); United States v. Czekala, 42 MJ 168, 170-71 (1995); United States v. Pollard, 38 MJ 41, 51 (CMA 1993); United States v. Strachan, 35 MJ 362, 364 (CMA 1992); see generally United States v. Olano, 507 U.S. at 732, 113 S.Ct. 1770; Johnson v. *129 United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). This Court’s “burden shifting” pronouncements in Powell, 49 MJ at 460, temporarily upset this body of law but they are no longer controlling. See United States v. Tanksley, 54 MJ at 173.
In sum, the plain error approach of United States v. Powell, supra at 465, which required the appellant to merely show the type of legal right violated and then the Government to show harmlessness based on the entire record of trial, has been rejected by the Supreme Court. United States v. Young, 470 U.S. 1, 16-17 n. 14, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). It has said that courts have “studiously avoided” this approach and commentators have “properly criticized” it. Such an approach has also been rejected by all the circuits and called “strange” by a noted legal commentator. See 3A Charles Alan Wright, Federal Practice and Procedure § 856 at 344 n.26 (2d ed.1982 & 2001 Supp.). The majority of this Court today also rejects this approach, albeit sub silentio, and returns to our traditional and well-established position of following Supreme Court precedent on this matter. It has reembraced United States v. Fisher, supra 56 MJ at 123, and required, as part of its plain error analysis, that the entire record of trial be examined to determine whether the outcome of the trial was impacted.

Issue II

Ineffective Assistance of Counsel (Prejudice)
On the ineffective assistance of counsel question, however, I disagree. In my view, there was no reasonable probability in appellant’s case that a different result would have obtained if defense counsel had winnowed the letters of his father, mother, and brother from appellant’s clemency package. See United States v. Grigoruk, 52 MJ 312, 315 (2000). Contrary to his pleas, appellant was found guilty of numerous sexual offenses and a physical abuse offense over a three-year period with his stepson and his two stepdaughters, who were from ages ten to fourteen at the time of trial. After his conviction, appellant continued to assert his stepchildren were lying at the behest of his wife, even though there was some evidence in this case of a pretrial confession. No remorse was shown. Accordingly, even if the inappropriate letters from appellant’s family castigating the Air Force for such a verdict were excepted, appellant’s position would not have been enhanced before the convening authority.
Unlike the majority, I agree with and adopt the lower court’s common sense view of the family letters. The Court of Criminal Appeals, 2000 WL 770572, found:
After reviewing his mother’s letter, we find it to be appropriate for submission to the convening authority. Neither the tone nor the content is prejudicial or inflammatory. It is simply a mother’s plea that her son is innocent. The interpretation the appellant asks us to attach to this letter is not reasonable.
The letter from his father contains emotion and anger but it is consistent with the defense theory at trial that the appellant’s wife coached the children to lie. This anger is directed at his son’s wife, Air Force lawyers, and the military judge. According to him, his son was the target for Air Force “high ranks” so they could look good. His anger builds throughout the letter and he eventually refers to everyone involved in his son’s case as “low-lifed bastards” and hopes they “burn in hell.” He bestows his greatest contempt on Air Force lawyers who he views as “dumb asses.” After describing how he has lost faith in the United States, experiences nightmares, and is constantly upset, the appellant’s father closes by telling the convening authority,
As I see it, it’s entirely up to you to grant David an appeal or reduce his sentence. Personally, I think he has suffered enough. If not then maybe you’ll enjoy being like me, having flashbacks and shedding tears in the middle of the night and living with it day by day.
The appellant’s affidavit is silent about whether he directed his attorneys not to include the letter.
*130 Reduced to its basic essence, this letter is from a loving and frustrated father who is convinced of his son’s innocence. This is apparent to anyone who reads the words and is a standard plea from relatives and friends. However, the character of this letter is different because rather than begging for mercy, he leaves the sugar in the bowl. His contempt for those he sees as his son’s tormenters is obvious. His admonition to the convening authority is similar to Marle/s exhortation to Scrooge, save yourself (by righting the wrong the system has visited upon my son), or suffer my fate.[1] Even if we were to conclude that counsel violated the first prong of Strickland by submitting the letter, which we do not, the appellant has not demonstrated he suffered any prejudice. An argument can be made that by virtue of his position, the convening authority is one of the “high ranks” excoriated in the letter. However, in our view, the appellant’s father excluded the convening authority from his cast of villains because he appealed to the convening authority for justice. We are convinced that any convening authority reading this letter would recognize it was written by a devastated parent who felt powerless to help his child. We refuse to hold that there is no room for candor in the clemency process.
Unpub. op. at 8-9.
As the Supreme Court said in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
The benchmark for judging any claim of ineffectiveness must be whether counsel’s counsel so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
I cannot say that the submission of the father’s letter in the clemency process breached this high threshold for a successful claim of ineffectiveness of counsel. I, like the U.S. Air Force Court of Criminal Appeals, find that the prejudice prong of Strickland has not been met. Accordingly, I would affirm.

. United States v. Powell, 49 MJ 460, 465 (1998), particularly addressed the question whether the Court of Criminal Appeals was required to reverse a conviction where it found plain error under United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). It did not purport to address the proper plain error test for our Court.

. Charles Dickens, A Christmas Carol (1843).