SULLIVAN, Senior Judge
(concurring in the result):
I cannot agree with the artificial distinctions which the lead opinion draws between this case and United States v. Graham, 50 MJ 56 (1999). Admittedly, in Graham, the accused did not expressly raise a “brownie” type defense at his court-martial, and the military judge prohibited the Government from evidencing the successful “cake defense” raised by Graham at his earlier court-martial. Id. at 59, 61 nn. 1 and 2. However, in Graham, a defense of innocent ingestion was implicitly raised by the appellant’s exaggerated denial of knowing drug use (“no way”) (Id. at 59-60), and the military judge specifically admitted evidence of a prior positive urinalysis result to rebut that defense. Id. at 57-58. A majority of this Court in Graham clearly indicated that a prior positive urinalysis result was not relevant for rebutting a defense of innocent ingestion. Id. at 59.
Today, a majority of this Court reaches a different conclusion. 56 MJ at 214. Since I disagreed with Graham, I agree with the Court’s change of position today. See United States v. Graham, supra at 61-62 (Sullivan, J., dissenting) (prior positive urinalysis results are relevant to rebut defense of innocent ingestion). As I said in my dissent in Graham, the jury was entitled to know that the appellant was in reality asserting that “he was struck by lightning twice.” Id. at 62.
On the second issue, I find no plain error in the admission of the Government’s polygraph evidence in this ease, although I disagree with the lead opinion’s citation of United States v. Powell, 49 MJ 460 (1998). See generally Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Clearly, error occurred in this case under Mil.R.Evid. 707(a), Manual for Courts-Martial, United States (1995 ed.). It states: “Notwithstanding any other provision of law, the results of a polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take ... a polygraph examination shall not be admitted into evidence.” See United States v. Scheffer, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). However, since both parties admitted contradictory polygraph testimony, appellant has failed to show material prejudice. See United States v. Tanksley, 54 MJ 169, 173 (2000); United States v. Wilson, 54 MJ 57, 60-62 (2000) (Sullivan, J., concurring in part and dissenting in part). Accordingly, I join in affirming this case.