UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and CARLTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant First Class JAMES J. PHILPOT
 United States Army, Appellant

 ARMY 20081068

 Headquarters, United States Army Special Forces Command
 Patrick J. Parrish, Military Judge
 Lieutenant Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Captain Todd Lindquist, JA
(on brief).

For Appellee: Lieutenant Colonel Martha L. Foss, JA (on brief).

 29 March 2010

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case was submitted to the court on its merits, without
assignment of error. The court notes that the staff judge advocate
recommendation (SJAR) was signed by Major (MAJ) James A. Bagwell “for”
Lieutenant Colonel (LTC) John S.T. Irgens, the staff judge advocate (SJA).
MAJ Bagwell also signed a memorandum granting the defense additional time
to submit Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters. On
the extension authorization, MAJ Bagwell’s signature block makes clear that
he served as the deputy staff judge advocate (DSJA). In his R.C.M. 1105
matters, appellant did not object to, or comment, on MAJ Bagwell signing
for LTC Irgens.

 Article 60(d), Uniform Code of Military Justice [hereinafter UCMJ],
states that the SJA or legal officer[1] shall review certain cases and
provide a written recommendation to the convening authority concerning
disposition. See R.C.M. 1106(a). An “acting staff judge advocate” may
also prepare the SJAR.

 When a judge advocate serves as the assistant to the Staff Judge
 Advocate (SJA), and his or her duties include acting as the SJA
 in the absence of that officer, the assistant has been placed in
 the type of command-staff organizational relationship
 contemplated by Article 60(d), UCMJ. In that context, even if
 the assistant SJA was not formally serving as the acting SJA at
 the time the recommendation was submitted, any error in the
 preparation of the post-trial recommendation by the assistant
 SJA would not constitute structural error or otherwise
 constitute prejudicial plain error.

United States v. Wilson, 54 M.J. 57, 60 (C.A.A.F. 2000) (Effron, J.,
concurring) (citations omitted).

 In this case, MAJ Bagwell indicated he was signing “for” the SJA, LTC
Irgens, which could indicate that he was “acting” for LTC Irgens and was
the acting SJA. Certainly, however, it would have been far better for MAJ
Bagwell to affirm that he was the “acting staff judge advocate” in his
signature block, rather than merely indicating as much by signing for LTC
Irgens.

 While we encourage those in the position of acting for the SJA in the
preparation of the SJAR to clearly reflect their position by signing as
“Acting Staff Judge Advocate,” in this case we find, similar to United
States v. Hudgins ___ M.J. ___, slip op. at 3 (Army Ct. Crim. App. 25 March
2010), that there was no prejudice to appellant. See Article 59, UCMJ.

 The findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MARY B. CHAPMAN
 Acting Clerk of Court
-----------------------
[1] Article 1, UCMJ, defines “legal officer” as “any commissioned officer
of the Navy, Marine Corps, or Coast Guard designated to perform legal
duties for a command.”