# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, HAM, and SIMS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 WILLIAM M. HUDGINS**
**United States Army, Appellant**

ARMY 20090737

Headquarters, United States Army Maneuver Center of Excellence and Fort Benning
James S. Pohl, Military Judge
Colonel Tracy A. Barnes, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Jeffery D. Lippert, Deputy Staff Judge Advocate (addendum)

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Timothy W. Thomas, JA; Captain Jennifer A. Parker, JA (on brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Jennifer A. Parker, JA (on reply brief).

For Appellee:  Colonel Norman F.J. Allen, III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Adam S. Kazin, JA (on brief).

25 March 2010

-------------------------------
OPINION OF THE COURT
-------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification each of conspiracy to commit maiming and maiming, in violation of Articles 81 and 124, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 924 [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for ten months. The military judge credited appellant with four days of confinement credit.

This case is before the court for review pursuant to Article 66, UCMJ.  We have considered the record of trial, appellant's assignment of error,[1] the matters

-----

[1] Appellant alleged one assignment of error:

(continued . . .)

personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and the government's response and conclude they warrant no relief. While not raised by appellant as an assignment of error, we note an additional matter that warrants discussion, but no relief.

Lieutenant Colonel (LTC) Lippert signed the Addendum to the Staff Judge Advocate Recommendation (SJAR) as the "Deputy Staff Judge Advocate." Article 60(d), UCMJ, requires a convening authority to "obtain and consider the written recommendation of his staff judge advocate or legal officer." *See also* Rule for Courts-Martial [hereinafter R.C.M.] 1106(a); 10 U.S.C. §801(12) (defining "legal officer" as "any commissioned officer of the Navy, Marine Corps, or Coast Guard designated to perform legal duties for a command"). The staff judge advocate or legal officer may also prepare an addendum to the recommendation. R.C.M. 1106(f)(7).

Our superior court has recognized that "Congress contemplated that the convening authority receive the recommendation of the SJA, not an assistant SJA." *United States v. Wilson*, 54 M.J. 57, 59 (C.A.A.F. 2000) (citing *United States v. Kema*, 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959)). The "Deputy Staff Judge Advocate" signed the addendum which, we find, constitutes error. Our superior court previously analyzed an SJAR erroneously signed by the "assistant staff judge advocate" for plain error and declined to grant relief. *Id.* at 59. *See also United States v. Hensley*, 52 M.J. 391, 393 (C.A.A.F. 2000) (holding in a case involving "more than a passive waiver," "irregular designation of [otherwise qualified legal officer who prepared SJAR] . . . did not materially prejudice a substantial right").

While appellant did not raise this issue to this court either personally or as an assignment of error, we decline to apply waiver here. The error in this case appears in the addendum, rather than in the SJAR. As such, appellant did not have the opportunity to comment on the error in his post-trial submission, distinguishing this case from *Wilson* and *Hensley*.

---

(. . . continued)
> THE OMISSION OF DEFENSE SENTENCING WITNESS TESTIMONY AND THE MILITARY JUDGE'S COLLOQUY WITH APPELLANT MAKES THIS RECORD OF TRIAL SUBSTANTIALLY INCOMPLETE IN CONTRAVENTION OF [ARTICLE] 54(c), UCMJ, AND RULE FOR COURTS-MARTIAL 1103(b)(3)(c), AND IS A SUBSTANTIAL ERROR.

Subsequent to appellant's brief, the military judge completed a certificate of correction. As a result, the record of trial is now complete.

2

Regardless, we can discern no prejudice to appellant under the facts and circumstances of this case. This is particularly true where the deputy staff judge advocate was an officer and experienced judge advocate and was statutorily qualified to sign the addendum as the acting SJA in the SJA's absence.[2] These facts are distinct from *United States v. Finster*, in which our superior court found plain error when a statutorily unqualified enlisted sailor prepared the SJAR. 51 M.J. 185, 187 (C.A.A.F. 1999). *See also United States v. Stefan*, ARMY 20081097 (Army Ct. Crim. App. 29 Jan. 2010) (unpub.) (Ham, J., dissenting) (officer acting in court-martial as chief of military justice should be disqualified from later signing the addendum as acting SJA). Additionally, appellant failed to allege error to this court or make any "colorable showing of possible prejudice." *See United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998); *Finster*, 51 M.J. at 188 ("Courts of Criminal Appeals in appropriate cases may rely on the failure of an accused to identity prejudicial error as a basis for denying relief . . .").

## CONCLUSION

On consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Because the signature block was unambiguous, we declined to order an affidavit from LTC Lippert addressing whether he was actually the acting staff judge advocate when he signed the addendum as the Deputy Staff Judge Advocate, and the signature block was merely a typographical error.