# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 PAYSON C. AVERILL**
**United States Army, Appellant**

ARMY 20090491

Headquarters, United States Army Maneuver Center of Excellence
James L. Pohl, Military Judge
Colonel Tracy A. Barnes, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Jeffery D. Lippert, Deputy Staff Judge Advocate (addendum)

For Appellant:  Captain Kristin McGrory, JA; Frank J. Spinner, Esquire (on brief).

For Appellee:  Major Amber J. Williams, JA; Captain Kenneth W. Borgnino, JA (on brief).

30 July 2012

--------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
--------------------------------------------------------

Per Curiam:

   A panel of officers and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of aggravated sexual assault, indecent act, and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006) [hereinafter UCMJ].  *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶ 62.b.  The panel sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.*

---

* Prior to taking action, the convening authority considered the addendum to the staff judge advocate recommendation (SJAR).  The SJAR addendum was signed by Lieutenant Colonel Lippert as the "Deputy Staff Judge Advocate."  However, Article

(. . . continued)

AVERILL—ARMY 20090491

On 7 December 2011, we issued a decision in this case, affirming the findings of guilty and the sentence. On 10 July 2012, our superior court reversed our decision as to Charge II and its Specification (adultery in violation of Article 134, UCMJ) and as to the sentence and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the findings of guilt as to the Article 134, UCMJ, offense previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for adultery and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the finding of guilty of Charge II and its Specification is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

(continued

60(d), UCMJ, requires a convening authority to obtain the written recommendation of his staff judge advocate or legal officer, not the deputy staff judge advocate. Consequently, it was plain error for the deputy staff judge advocate to sign the SJAR addendum. *United States v. Hudgins*, 69 M.J. 630, 631 (Army Ct. Crim. App. 2010). Regardless, we find no prejudice in this case. Appellant did not allege the error to this court nor did he make "any colorable showing of possible prejudice." *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998).