# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class CLAYTON A. BIEHUNKO
### United States Air Force

### ACM S32117

### 04 February 2014

Sentence adjudged 28 November 2012 by SPCM convened at Holloman Air Force Base, New Mexico. Military Judge: J. Wesley Moore (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $994.00 pay per month for 6 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Jason S. Osborne; and Gerald R. Bruce, Esquire.

Before

ROAN, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WIEDIE, Judge:

A special court-martial composed of a military judge sitting alone convicted the appellant, contrary to his pleas, of two specifications of attempted use of 3,4-methylenedioxymethamphetamine (hereinafter "Ecstasy"), and two specifications of attempted distribution of Ecstasy, in violation of Article 80, UCMJ, 10 U.S.C. § 880.[1] The adjudged and approved sentence consists of a bad-conduct discharge, confinement

---

[1] The appellant was found not guilty of the greater offenses of wrongful use and wrongful distribution of 3,4-methylenedioxymethamphetamine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

for 6 months, forfeiture of $994.00 pay per month for 6 months, reduction to E-1, and a reprimand.

On appeal, the appellant asserts that a new Action is required because the deputy staff judge advocate (DSJA) rather than the staff judge advocate (SJA) signed the addendum to the Staff Judge Advocate's Recommendation (SJAR) in contravention of Article 60(d), UCMJ, 10 U.S.C. § 860(d). Finding no error that materially prejudices the appellant, we affirm.

*Post-Trial Processing*

The SJAR was signed 21 December 2012 by the SJA. The appellant submitted clemency matters on 2 January 2013. An addendum to the SJAR was prepared and signed by the DSJA on 2 January 2013. The signature block on the addendum to the SJAR identified the DSJA as the "Deputy Staff Judge Advocate." The convening authority took action on the findings and sentence on 3 January 2013.

We review post-trial processing issues de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). Failure to timely comment on matters in the SJAR or on matters attached to the SJAR waives any later claim of error in the absence of plain error. Rule for Court-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents "some colorable showing of possible prejudice." *United States v. Wheelus,* 49 M.J. 283, 289 (C.M.A. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 324 (C.A.A.F. 1997)) (internal quotations omitted).

Article 60(d), UCMJ, requires the convening authority to "obtain and consider the written recommendation of his staff judge advocate or legal officer." Similarly, R.C.M. 1107(b)(3)(A)(ii) requires the convening authority to consider "[t]he recommendation of the staff judge advocate or legal officer under R.C.M. 1106, if applicable."

Our sister service courts have held that it is error for someone other than the SJA or acting SJA to sign the SJAR or an addendum thereto. *See United States v. Averill*, Army 20090491 (A. Ct. Crim. App. 30 July 2012) (unpub. op.) (finding it was plain error for the DSJA to sign the SJAR addendum); *United States v. Hudgins*, 69 M.J. 630, 631 (A. Ct. Crim. App. 2010) (holding that an addendum to the SJAR signed by the "Deputy Staff Judge Advocate" was error); *United States v. Ramirez*, NMCM 97 01265 (N-M. Ct. Crim. App. 30 October 1998) (unpub. op.) (holding that an SJAR signed by the DSJA violated the terms of Article 60, UCMJ, 10 U.S.C. § 860 and R.C.M. 1106(a)); *See also United States v. Aquino*, 48 M.J. 842 (N-M. Ct. Crim. App.

1998); *United States v. Miller*, NMCM 98 00882 (N-M. Ct. Crim. App. 11 September 1998) (unpub. op.). Our superior court, in *United States v. Wilson*, 54 M.J. 57, 59 (C.A.A.F. 2000), stated "Congress contemplated that the convening authority receive the recommendation of the SJA, not an assistant SJA," but did not find plain error because there was nothing in the record showing that the individual who signed the SJAR was not the senior judge advocate present for duty.

As a preliminary matter, we do not find that the appellant failed to timely comment on the matter and, therefore, plain error is not the applicable standard of review. This case is distinguishable from *Wilson* where the error related to the SJAR and the appellant could have raised the error in a clemency submission. The error in this case occurred in an addendum to the SJAR, after clemency was submitted. *See Hudgins*, 69 M.J. at 631 (declining to apply waiver because the error appeared in the addendum, rather than in the SJAR, and thus, the appellant did not have the opportunity to comment on the error in his post-trial submission).

There exist two possibilities in this case concerning the capacity in which the DSJA signed the addendum to the SJAR. First, the DSJA may have been the acting SJA and it was merely an administrative error in failing to properly identify that he was acting in that capacity. On the other hand, the DSJA may have signed the addendum to the SJAR in his capacity as the DSJA which would be legal error in that the addendum to the SJAR was not signed by the senior judge advocate present for duty.

In *Wilson*, our superior court presumed the DSJA was signing in the capacity of the acting SJA despite the fact his signature block indicated he was the "Deputy Staff Judge Advocate." 54 M.J. at 59. The *Wilson* court concluded that any error did not rise to the level of plain error. *Id.* Because we are not analyzing this issue under plain error, we decline to make a similar presumption. The Government had the opportunity to seek permission from this Court to submit a post-trial affidavit to clarify the issue but chose not to do so. In light of the failure of the Government to submit such an affidavit, we rely on the unambiguous signature block in this case and find there is no evidence the DSJA was actually the acting SJA when he signed the addendum as the "Deputy Staff Judge Advocate," or that the signature block was merely a typographical error.

Our sister service courts have reached different conclusions when determining whether the failure of the SJA to personally sign the SJAR or an addendum to the SJAR resulted in prejudice to the appellant. In *Hudgins*, the Army Court of Criminal Appeals found they were unable to determine any prejudice to appellant where the DSJA was an officer and experienced judge advocate and was statutorily qualified to sign the addendum as the acting SJA in the SJA's absence.[2] 69 M.J. at 631. *See also Averill*,

---

[2] The court in *United States v. Hudgins*, 69 M.J. 630, 631 (A. Ct. Crim. App. 2010), reached this conclusion despite the fact there was no evidence the deputy staff judge advocate was acting in that capacity when he signed the addendum.

unpub. op. at 1 n.*. In *Ramirez*, unpub. op. at 4, however, the Navy-Marine Corps Court of Criminal Appeals found the appellant's substantial rights had been materially prejudiced under similar facts.

In the present case, the appellant argues he suffered prejudice because there is no way to know whether the matters he submitted in clemency would have impacted the previous opinion of the SJA and caused him to change that opinion. We do not agree that, under the facts of this case, this rises to the level of "some colorable showing of possible prejudice." *Chatman*, 46 M.J. at 324. Here, the appellant's clemency submission focused entirely on the disparate sentences between himself and a co-actor. The co-actor's court-martial was convened by the same convening authority and handled by the same servicing legal office. The co-actor's trial concluded in advance of the appellant's trial and before the SJA signed the SJAR in appellant's case. Undoubtedly, the SJA was aware of the sentence in the co-actor's case, which concluded just two months before the appellant's court-martial, when he prepared the SJAR. Despite this knowledge, he did not see fit to recommend clemency for the appellant. There was no change in circumstance, nor did the appellant raise any new matter which would reasonably cause the SJA to reconsider his position. While different facts might have led to a reasonable likelihood of a more favorable recommendation from the SJA, that likelihood is purely speculative in this case and it belies the facts before us. Recognizing the highly discretionary nature of the convening authority's clemency powers, we are, nonetheless, "convinced that there is no reasonable likelihood that the SJA would have recommended clemency in this case, or that the convening authority would have granted it." *Wilson*, 54 M.J. at 60.

### *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court